REQUESTED BY: Senator Donald Eret Nebraska State Legislature State Capitol Lincoln, NE 68509
Dear Senator:
This is in response to your request for an opinion dated February 1, 1985. In that letter, you ask for an opinion `regarding the applicability of authority derived from Article III-Section 25 of the Nebraska Constitution to the passage of legislative bill LB 442.'
Article III, section 25 of the Nebraska Constitution in pertinent part provides:
 No allowance shall be made for the incidental expenses
of any state officer except the same be made by general appropriation and upon an account specifying each item.
The issue involved in your question then is whether the appropriation provided in LB 442, involves `the incidental expenses of any state officer'.
The answer to this question would appear to have been resolved in State ex rel. Douglas v. Beerman, 216 Neb. 849,347 N.W.2d 297 (1984). In that case the court defined the word `expenses' as used in our Constitution as follows:
 An `expense' is something expended in order to secure a profit or bring about a result. Expenses are the charges incurred by an employee in connection with the performance of his duties, and typically include transportation, meals, and lodging while traveling. Expenses are the money given to an employee as reimbursement for such charges. Webster's Third New International Dictionary, Unabridged (1968). Black's Law Dictionary 518 (5th ed. 1979) defines an expense as that which is `expended, laid out or consumed. An outlay; charge; cost; price.' Id. at 216 Neb. 856.
The appropriation contemplated by LB 442, in our opinion, would not constitute `expenses' within the meaning of Article III, section 25 of the Nebraska Constitution as our court has defined that term. Therefore, Article III, section 25 provides no authority for and has no application to LB 442.
In addition, Article XIII, section 3 of the Nebraska Constitution and Weaver v. Koehn, 120 Neb. 115,231 N.W. 703 (1930), appear to prohibit the exact type of appropriation provided by LB 442.
Respectfully submitted,
Edwin C. Perry Special Assistant Attorney General